FILED - USDC -NH
2023 JAN 27 AM 10:41

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Juan Javier-Hernandez          )
petitioner                     )          Case No: 5:2015-CR-00020-001
                               )                   5:2015-CR-00208-001
v.                             )
                               )
Warden, FCI Berlin             )
respondent                     )

Emergency Motion for Habeas Corpus per 28 U.S.C. §2241

Juan Javier Hernandez, pro se, an inmate with the Federal Bureau of Prisons at the Berlin Federal Correctional Institute in Berlin, New Hampshire, submits this motion for habeas corups per 28 U.S.C. §2241 and states the following:

1) Petitioner is serving a __135__ month federal sentence in case number 5:2015CR00208-001 5:2015CR00020-001 in the District Court for the __Northern__ District of __New York__.

2) Petitioner's projected release date is __2/16/24__ via GCT.

3) Petitioner has earned a substantial amount of "First Step Act Time Credits" (FTCs) (18 U.S.C. 3624(a)(4)) through "successful completion of evidence-based recidivism reduction programs and productive activities." Petitioner calculates that he has earned over 1 year's worth of these FTC's.

4) The Federal Bureau of Prisons began applying these FTC's on January 19th, 2022.

5) FTC's can be applied towards pre-release custody or supervised release per 18 U.S.C. §3624(g).

6) The petitioner is a deportable alien with an ICE detainer. However, he is not now "the subject of a final order of removal."

7) Deportable prisoners are ineligible to apply FTCs under 18 U.S.C. §3632(d)(4)(E) if they are "the subject of a final order of removal under any provision of the immigration laws." As the petitioner is not the subject of a final order of removal, by the plain text of the statute, the petitioner

-1-

qualifies to apply his FTC's towards earlier transfer to supervised release.

8) If the petitioner were able to apply his FTC's towards additional supervised release, he would have been released to ICE cuctody on January 19th, 2022, when the BOP was first required to start applying FTC's.

9) The Federal Bureau of Prisons is maliciously misreading 18 U.S.C. 3632(d)(4)(E)(i), saying that deportable aliens "subject to a final order of removal" are not eligible to apply FTC's to earlier transfer to supervised release. Even worse, they claim that simply having an ICE detainer makes one ineligible.

10) The petitioner has not exhausted administrative remedies. Because the BOP is maliciously misinterpreting the clear text of the relevant statutes, as well as the clear Congressional intent when they passed The First Step Act of 2018, the administrative remedy process is not "available" to the petitioner, and to attempt to exhaust his administrative remedies would be "futile". In particular, the time required to go through the BP-10 process (60 days with extension), and the BP-11 process (60 days with extension) would waste a significant amount of the petitioner's time before his projected release date with GCT. Thus, the petitioner is engaging the textual exception to exhausting his administrative remedies available in the Prison Litigation Reform Act of 1995, that he exhaust those remedies that "are available".

11) The petitioner also asks that this court expedite this motion on the same basis, that the petitioner's projected release date with GCT does not allow the normal §2241 process to move forward at its normal pace. In particular, the petitioner asks that this court immediately order the government to respond to this motion in one (1) week, and allow the petitioner one week to reply to the government's response. The petitioner asks that no motions for extension be granted. The text of 18 U.S.C. §3632(d)(4)(E) is quite clear, and it is also clear that the BOP is maliciously misquoting it. It should not take the government long to respond, nor this court to rule.

12) A §2241 is the correct and only vehicle for which the petitioner may obtain relief on this issue.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMSPHIRE

Juan Javier-Hernandez

v.

Warden, FCI Berlin

Case No: 5:2015-CR-00020-001
5:2015-CR-00208-001

## ADDENDUM

Please see a similar case recently decided and which the court stated that a detainer can not preclude an inmate from earning the FSA ETC. See Dylan C. Jones v. Warden J Engleman, Case no: 2:22-cv-05292-MCS-GJS ECF 11. Excerpts from the courts decision reads: It is fundamental that words generally should be interpreted as taking their original contemporary meaning... at the time congress enacted the statute. Wisconsin Cent. Ltd. v. United States, _U.S._, 138 S.Ct 2067, 2074 (2018) There are no ambiguities in the plain text of the legislation.

The language of the FSA legislation shows congress made a conscious choice to do three things, (1) By its use of "shall be applied and shall transfer" language in section 3632(d)(4)(c), Congress made the application of earned ET to effect early release mandatory for prisoner's eligible under section 3624( (2) By section 3624(g), Congress spelled out the prerequisites for a prisoner to be "eligible" and there is nothing that precludes inmates with detainers from earning FSA ETC. See page 23 of 26 Pade ID #:360
(3) Congress explicitly determined which prisoners are "eligible" to have the FSA ETC and early release provisions applied to them, and none of these expressly delineated categories include prisoners who have detainers.

The Congressional intent expressed in the legislation mandatory provisions precludes interpreting the pertinent language of the FSA to allow BOP to impose the additional precondition to early release eligibility. By its terms the FSA plainly seeks to incentivize prisoners to better prepare themselves for a life outside prison by participating in and completing those programs and activities that the BOP has designed as EBRR programs and Productive activities, the reward for doing so, assuming the inmate led his/her life in a manner that leads to a low recidivism assessment, is knowing that, the FSA has mandated the BOP that it "shall" apply an inamte's FSA ETC to ensure early release. Allowing the BOP on a belated and after-the-fact basis to purport to write into the FSA statute a discretion of its own will be altering the legislation.

Also enclosed is a copy of detainer that clearly states that the detainer shall not deprive an inmate of the benefit of rehabilitation.

## Conclusion

Therefore, for the forgoing reasons, the petitioner respectfully requests that his emergency motion for habeas corpus under 29 U.S.C. §2241 be granted. Additionally, the petitioner asks that this court order the government to respond to this petition in one (1) week, allow the petitioner to reply to the government's response, and not grant any motions for extention. Finally, the petitioner asks that, when this case is fully argued, this court expedite its decision as well.

Respectfully Submitted,

*Juan Javier H*
, pro se
BOP #: 70187-379
Berlin FCI
P.O. Box 9000
Berlin, NH 03570
Date: 1/23/23

-3-

Juan Javier H
BOP#: 70187-379
Berlin Federal Correctional Institution
P.O. Box 9000
Berlin, NH 03570

Federal Clerk
U.S. District Court for the District of New Hampshire
55 Pleasant St.
Corcord, NH 03301

Dear Sir/Madaam,

Please find attached for filing one (1) copy of my emergency motion for habeus corpus per 28 U.S.C. §2241. Please note that I will be sending the filing fee by the BOP's BP-199 process, as I am sure you know, this could take a couple of weeks, unfortunately.

Respectfully Submitted,

Juan Sato
,pro se
Date: 1/23/23

Jua Javier Hernandez
H 70187-379
Federal Correctional institution
Berlin P.O. Box 9000
Berlin, N.H 03570



⇔70187-379⇔
Clerk Federal
55 Pleasant ST
Concord, NH 03301
United States



03301-395499


